<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

IBN MUHAMMAD,

                Petitioner,

                v.

UNITED STATES OF AMERICA, et al.,

                Respondents.

Civil Action No. 24-6416 (KMW)

**OPINION**

**WILLIAMS**, District Judge:

      This matter comes before the Court on the amended habeas petition filed by Petitioner Efrain Valadez De La Cruz pursuant to 28 U.S.C. § 2241. (ECF No. 3). The Government filed a response to the petition (ECF No. 5), to which Petitioner replied. (ECF No. 7.) For the following reasons, Petitioner's amended habeas petition is denied.

**I.**    <u>**BACKGROUND**</u>

      Petitioner is a convicted federal prisoner currently serving an aggregate prison term of sixteen years and three months for bank fraud, mail fraud, and weapons offenses, who is currently projected to be released in November 2026. (ECF No. 5-1 at 2.) In his habeas petition, Petitioner contends that he is being improperly denied the ability to apply credits earned under the First Step Act to either early supervised release or early placement into a residential facility. (ECF Nos. 1; 3.) While Petitioner has completed the necessary recidivism reduction training necessary to earn and apply credits under the Act, the Government contends that he is currently ineligible to apply

those credits because he has never scored less than a medium risk of recidivism in any of his many recidivism risk assessments, the most recent of which was conducted in August 2024 and resulted in Petitioner being found to be a high risk of recidivism. (ECF No. 5-1 at 3; ECF No. 5-2; ECF No. 5-6.) Although Petitioner filed an institutional grievance regarding this decision in December 2023, which was denied, and appealed that decision to the institutional level resulting in January 2024 denial by the Warden, Petitioner never appealed these decisions to the regional or national level of the BOP's institutional grievance system. (ECF No. 5-1 at 3.)

## II.  LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III.  DISCUSSION

In his current petition, Petitioner contends that he is being improperly denied the ability to apply credits earned under the First Step Act towards early supervised release or early placement in a residential facility. The Government, in turn, argues that Petitioner is not entitled to apply any credits because he has received medium or high recidivism risk scores in all of his evaluations. Although the First Step Act provides an opportunity for inmates to earn and apply credits towards early supervised release or early placement in a residential facility through the completion of recidivism reduction programs, eligibility to apply those credits is not automatic. *See, e.g., Kowalewski v. Warden, FCI Fort Dix*, No. 22-4129, 2023 WL 2966755, at *2 (D.N.J. Apr. 13,

2

2023). Inmates who complete these programs will only be eligible to apply FSA credits and in turn to either early supervised release or early placement in a residential facility where that inmate "has been determined . . . to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner" and therefore has shown either that he has reduced or maintained his risk of recidivism sufficiently. 28 U.S.C. § 3624(g)(1)(d)(i); *see also Kowalewski,* 2023 WL 2966755 at *2; 28 C.F.R. § 523.44(b)(2). Applying credits is thus entirely contingent on receiving at least two successive ratings of a low or minimum recidivism risk during prisoner evaluations, and a score of minimum or low in his last assessment. 18 U.S.C. § 3624(g)(1)(D)(i), (ii); *Kowalewski,* 2023 WL 2966755 at *2. Petitioner has failed to meet this requirement – records indicate he has *never* received a recidivism risk score less than medium and in his last two evaluations was scored as a medium recidivism risk in February 2024 and a high risk in August 2024. Therefore, Petitioner is not eligible to apply FSA credits towards early supervised release or placement in a residential facility, and his petition is therefore without merit. *Id*.; *see also Brown v. Sage*, No. 22-325, 2022 WL 1295414, at *3 (M.D. Pa. Apr. 29, 2022). Petitioner's habeas petition must therefore be denied.

Moreover, even were Petitioner's habeas petition of arguable merit, this Court would still be required to dismiss the petition because Petitioner did not properly exhaust his claims administratively before filing his petition in this matter. Habeas petitioners are generally required to exhaust all available administrative remedies prior to filing suit in federal court, and an inmate's failure to comply with this requirement "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice." *See, e.g., Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-61 (3d Cir. 1996). Although this requirement may be excused under certain circumstances, such as where exhaustion would be futile, *see Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998), absent a showing of such circumstances or cause and prejudice, the failure to

exhaust will result in the dismissal of a habeas petition. *Moscato*, 98 F.3d at 761; *see also Downs v. N'Diaye*, 2021 WL 5076412, at *2 (D.N.J. Nov. 2, 2021). A habeas petitioner cannot show futility through mere speculation. *See Lindsay v. Williamson*, 271 F. App'x 158, 159 (3d Cir. 2008).

In this matter, Petitioner filed administrative grievances, but did not appeal them beyond the institutional level to the BOP's regional or national levels of appeal as required by BOP policy. Thus, Petitioner did not exhaust his claim prior to filing in this Court. The BOP, as the body charged with calculating and applying credits, had the authority to correct Petitioner's credit and release calculations had Petitioner's arguments been meritorious. Therefore, the Court cannot find that Petitioner's failure to complete the exhaustion procedure was excusable through futility. As Petitioner did not complete the process, and exhaustion was not futile, Petitioner's failure to fully administratively exhaust his claims before filing this habeas matter serves as yet another bar to his requested relief. Thus, even had Petitioner's claims been of greater merit, this Court would still be required to dismiss his habeas petition as unexhausted.

## IV.   **CONCLUSION**

For the reasons expressed above, Petitioner's amended habeas petition (ECF No. 3) is **DENIED**. An order consistent with this Opinion will be entered.

*Karen M. Williams*
Hon. Karen M. Williams,
United States District Judge